**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

FAUSTIN CORNETTE, *on behalf of himself and all others similarly situated*,

Case No.: _____

    Plaintiff,

v.

I.C. SYSTEM, INC. and MD NOW MEDICAL CENTERS, INC.,

    Defendants.

_____/

## CLASS ACTION COMPLAINT

    Plaintiff FAUSTIN CORNETTE, on behalf of himself and all others similarly situated, alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA"), and Florida Deceptive and Unfair Trade Practices Act § 501.201 *et seq.* ("FDUTPA") against I.C. System, Inc. ("I.C. System") and alleges violations of the FCCPA, FDUTPA, and breach of contract against MD Now Medical Centers, Inc. ("MD Now").

    1.    I.C. System acts as a debt collector on behalf of MD Now, a medical care company with facilities throughout Florida. Plaintiff received treatment at an MD Now facility, and MD Now referred collection of the unpaid balance to I.C. System. Immediately, and before any collection activity occurred, I.C. System demanded that Plaintiff not only pay the cost of treatment, but an additional 20% gratuity fee to I.C. System. Plaintiff promptly paid the full amount, including the 20% gratuity fee.

1

2. MD Now requires all patients to sign a form "Patient Consents, Responsibilities, and Disclosures" ("Contract") before receiving medical care at its facilities. The Contract provides in relevant portion under the heading "PRIVATE INSURANCE":

> [I]n the event collection action is required to be initiated by MD Now, I hereby guarantee payment of all attorney's fees, court costs and collection charges incurred up to 40% of the outstanding principal. (Ex. A.)

3. Also, MD Now requires all patients to sign a form "Notice of Physician's Lien" ("Physician's Lien") before receiving medical care at its facilities. The Physician's Lien provides in relevant portion:

> In the event suit is filed for collections on medical bills due to MD Now Medical Centers, Inc. I agree to pay, in addition to any medical bills, all expenses related to collections of said medical bills, including reasonable interest, collections, attorney's fees and cost incurred by MD Now Medical Centers, Inc. (Ex. B)

4. Both of these contracts are standard form agreements drafted by MD Now for all of its patients, and only permit MD Now to collect the actual cost of collection it incurred.

5. In collecting patients' unpaid balances, I.C. System ignores MD Now's contractual obligations that only allow the collection of the actual costs incurred by MD Now, and instead, I.C. System charges MD Now's patients a gratuitous fee based on a percentage of the unpaid balance.

6. MD Now had not filed any action or suit against Plaintiff or incurred any costs of collection when I.C. System demanded its gratuitous collection fee from Plaintiff.

7. I.C. System's debt collection practices are widespread, and consumers across the country have complained to the Credit Financial Protection Bureau ("CFPB") about I.C. System's debt collection practices. From July 2013 to October 17, 2016, the CFPB received over 1,100 consumer complaints about I.C. System. *See* https://data.consumerfinance.gov/dataset/Consumer-Complaints/s6ew-h6mp (last accessed

October 17, 2016). Many of the complaints state that I.C. System tacks on a gratuitous percentage-based collection fee for medical treatment debts.

8. In a similar case, the Eleventh Circuit held that the attempt to collect a percentage-based collection fee before any collection costs were incurred violated the FCCPA, FDCPA and FDUTPA. *Bradley v. Franklin Collection Serv.*, 739 F.3d 606, 609-10 (11th Cir. 2014).

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

10. The Court has supplemental jurisdiction over the FCCPA, FDUTPA and breach of contract claims under 28 U.S.C. § 1367 because the basis of the FDCPA federal claim involves the same debt collection practices that form the basis of the state claims.

11. The Court has personal jurisdiction because Defendants conduct business throughout the United States, including Florida. Further, Defendants' voluntary contact with Plaintiff to charge and collect debts in Florida made it foreseeable that would they would be haled into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced and because their contacts with this District are sufficient to subject them to personal jurisdiction.

## PARTIES

13. Plaintiff Faustin Cornette is a natural person who currently resides in Florida.

3

14. Defendant I.C. System is a corporation with a principal place of business at 444 Hwy 96 E, Vadnais Heights, MN 55127-2557. It is a debt collection agency and is one of the largest debt collectors in the United States.

15. Defendant MD Now is a corporation with a principal place of business in Florida. MD Now operates a network of urgent care walk-in medical centers in South Florida. MD Now regularly seeks to collect debts from patients for services rendered.

## APPLICABLE LAWS

16. The Florida Supreme Court liberally construes public protection statutes in favor of the public. *Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

**FDUTPA**

17. The FDUTPA is construed liberally to promote the protection of consumers and businesses from unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. Fla. Stat. § 501.202.

18. The FDUTPA creates a private right of action for FDUTPA violations. *Id.* § 501.211.

19. The FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, or unfair or deceptive acts or practices in the conduct of any trade or commerce" against a consumer. *Id.* § 501.204(1).

20. The FDUTPA defines "consumer" broadly as an individual, entity, or any group or combination. *Id.* § 501.203(7).

21. The FDUTPA defines "trade or commerce" as "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any

property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." *Id.* § 501.203(8).

22. Where there is a violation of a statute prohibiting unfair or deceptive acts, a *per se* violation of Florida's FDUTPA has also occurred. *See* Fla. Stat. § 501.203(3) (stating a violation of any law proscribing unfair methods of competition, or unfair, deceptive, or unconscionable acts is also a violation the FDUTPA); *Blair v. Wachovia Mortg. Corp.*, No. 11–cv–566–Oc–37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012) ("[A] *per se* violation of FDUTPA stems from the transgression of any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices.").

**FCCPA**

23. The FCCPA prohibits debt collectors from engaging in certain abusive practices in the collection of consumer debts. *See generally* Fla. Stat. § 559.72.

24. Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." *Id.* § 559.72(9).

25. The FCCPA creates a private right of action under Fla. Stat. § 559.77.

26. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 559.55(8).

27. The FCCPA defines "debt collector" as "any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." *Id.* § 559.55(7).

28.     The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 559.55(6).

**FDCPA**

29.     The purpose of the FDCPA is "to eliminate abusive debt collection practices … and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

30.     The FDCPA defines "debt collector" as "any person who uses … any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect … debt owed … or asserted to be owed or due another." *Id.* § 1692a(6).

31.     The FDCPA defines communication as the "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id*. § 1692a(2).

32.     The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction … [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

33.     The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* §1692e.

34.     The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including the collection of any amount unless such

amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

35. The collection of an amount not permitted by a contract violates the FDCPA. *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014) (debt collector violated § 1692f(1) when it collected from consumer a medical debt that included a 33.33% "collection fee" when consumer only agreed to pay the "actual costs of collection").

36. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

## FACTUAL ALLEGATIONS

37. Plaintiff received medical care at an MD Now facility after he was injured in a motor vehicle accident on March 25, 2015.

38. Before rendering medical care, MD Now requires patients to sign a form "Patient Consents, Responsibilities, and Disclosures" contract. (Ex. A.)

39. Section IV of the Contract provides:

[I]n the event collection action is required to be initiated by MD NOW, I hereby guarantee payment of all attorney's fees, court costs and ***collection charges incurred*** up to 40% of the outstanding principal.

(Ex. A, emphasis added.)

40. Plaintiff signed the Contract after a representative from MD Now explained the Contract's terms and obligations.

41. Before rendering medical care, MD Now also requires patients to sign a form "Notice of Physician's Lien." (Ex. B.)

42. The fifth paragraph of the Physician's Lien provides:

In the event suit is filed for collections on medical bills due to MD Now Medical Centers, Inc. I agree to pay, in addition to any medical bills, all expenses related to collections of said medical bills, including reasonable interest, collections, attorney's fees and cost incurred by MD Now Medical Centers, Inc. (Ex. B.)

7

43. On or about June 3, 2015, Plaintiff received a bill demanding he pay $188.94 for the medical care he received at MD Now on March 25, 2015. (Ex. C.)

44. By October 2015, Plaintiff had not paid MD Now for the medical care he received on March 25, 2015.

45. MD Now contracts with I.C. System to collect unpaid medical debts from consumers in Florida on its behalf.

46. I.C. System is an agent and a debt collector for MD Now.

47. MD Now assigned Plaintiff's unpaid balance to I.C. System for collection.

48. On or about October 22, 2015, I.C. System sent its first bill to Plaintiff, which he received, demanding payment for the medical care rendered by MD Now on March 25, 2015. (Ex. D.)

49. The bill stated "[w]e [I.C. System] are a debt collector attempting to collect a debt and any information will be used for that purpose."

50. The bill listed a "Principal Due" amount of $188.94.

51. I.C. System added a 20% collection charge of $37.79 to the Plaintiff's amount owed.

52. Not wanting to incur any additional charges or fees, Plaintiff paid the entire balance due, including the 20% collection gratuity fee soon after receiving the October 2015 letter.

53. MD Now has never filed an action or suit against Plaintiff for an amount owed.

54. I.C. System added a 20% collection charge untethered to MD Now's actual collections costs.

55. MD Now drafted the Contract to only require Plaintiff to pay the actual costs of collection incurred by MD Now after it brought a collection action against Plaintiff.

56. At the time of I.C. System's October 2015 letter, MD Now incurred no collection costs concerning Plaintiff's unpaid balance.

57. At the time of I.C. System's October 2015 letter, MD Now had not initiated any collection action against Plaintiff.

58. MD Now and I.C. System each knew that there was no incurred collection cost relating to the $37.79 "Collection Charge" because no collection activity had taken place. Nonetheless, Defendants acted in concert and attempted to collect the illegitimate debt from Plaintiff and the putative Class.

59. Plaintiff and the putative Class have a statutory and contractual right to receive accurate information from MD Now concerning the actual amount of debt owed.

60. Plaintiff and the putative Class have a statutory right to receive accurate information from I.C. System concerning the actual amount of debt owed.

61. I.C. System, as an agent for MD Now, deceived Plaintiff into believing that he owed the 20% collection gratuity fee, which he paid.

62. The Defendants' deception harmed Plaintiff because it caused him to pay an illegitimate debt and deprived him of the statutory and contractual right to receive accurate information concerning the actual amount of debt owed.

## CLASS REPRESENTATION ALLEGATIONS

63.     Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class of persons (the "Class"), subject to modification after discovery and case development:

> All Florida residents from whom, within the applicable statute of limitations, Defendants, and/or a third party acting on either Defendant's behalf, attempted to collect a percentage based collection charge that exceeded the actual costs of collection incurred.

64.     Class members are identifiable through Defendants' records and payment databases.

65.     Excluded from this Class are: (1) Defendants; (2) any entities in which Defendants have a controlling interest; (3) Defendants' agents and employees; (4) any Judge to whom this action is assigned; and (5) any member of such Judge's staff and immediate family.

66.     Plaintiff proposes that he serve as class representative.

67.     Plaintiff and the Class have all been harmed by the actions of the Defendants.

68.     Numerosity is satisfied, as there are likely hundreds of class members. Individual joinder of these persons is impracticable.

69.     There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

> a. Whether I.C. System violated the FCCPA by demanding monies not owed;
>
> b. Whether I.C. System violated the FDCPA by demanding monies not owed;
>
> c. Whether I.C. System violated general provisions of the FDUTPA by demanding and collecting monies not owed;
>
> d. Whether the violations of the FCCPA and FDCPA were per se violations of the FDUTPA;

  e. Whether MD Now is vicariously liable for the violations of I.C. System;

  f. Whether Plaintiff and class members are entitled to actual or statutory damages as a result of Defendants' actions;

  g. Whether the Plaintiff and the Class are entitled to attorney's fees and costs; and

  h. Whether Defendants should be enjoined from engaging in such conduct in the future.

70. Plaintiff's claims are typical of the claims of the Class.

71. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions.

72. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

73. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications concerning individual class members.

**COUNT I AS TO I.C. SYSTEM'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(2)(A)**

74. Plaintiff incorporates by reference paragraphs 37 through 62, as if set forth fully herein.

75. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

76. I.C. System is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail with a principal purpose of collecting debts owed or asserted to be owed or due another.

77. I.C. System attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt for medical care received for family, household, or personal purposes.

78. I.C. System falsely represented the character, amount, and legal status of the alleged debt when it sent a bill to Plaintiff demanding payment of an amount that included an illegitimate 20% collection gratuity fee.

79. Because of I.C. System's FDCPA violation, Plaintiff suffered substantial damage, including payment of an illegitimate debt and deprivation of his statutory right to receive accurate information concerning the amount of debt owed.

**COUNT II AS TO I.C. SYSTEM'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692f(1)**

80. Plaintiff incorporates by reference paragraphs 37 through 62 as if set forth fully herein.

81. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

82. I.C. System is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail with a principal purpose of collecting debts owed or asserted to be owed or due another.

83. I.C. System attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt for medical care received for family, household, or personal purposes.

84. I.C. System attempted to collect an alleged consumer debt not permitted by law and the Contract when it sent a bill to Plaintiff and demanded payment of the illegitimate 20% collection gratuity fee.

85. Because of I.C. System' FDCPA violation, Plaintiff suffered substantial damage, including payment of an illegitimate debt and deprivation of his statutory right to receive accurate information concerning the amount of debt owed.

**COUNT III AS TO I.C. SYSTEM'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)**

86. Plaintiff incorporates by reference paragraphs 37 through 62 as if set forth fully herein.

87. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8) when he sought medical services for payment and received said medical services.

88. I.C. System is a "person" as defined under the FCCPA because it attempted to collect an alleged debt for medical care rendered for household, family or personal purposes.

89. I.C. System knowingly attempted to collect an illegitimate consumer debt as defined by Fla. Sta. § 559.55(6) because the Plaintiff's obligation arose out of a transaction where money was exchanged for his personal medical care.

90. I.C. System asserted a non-existent right to collect the illegitimate debt when it added the illegal 20% collection gratuity fee to the Plaintiff's past due balance.

91. I.C. System knowingly attempted to collect an illegitimate consumer debt because it knew that MD Now had not incurred any collection costs when it added the illegal 20% collection gratuity fee to the Plaintiff's past due balance.

92. I.C. System knowingly attempted to collect an illegitimate consumer debt because it regularly charges consumers percentage-based collection gratuity fees that are untethered to the actual costs of collection.

93. Because of I.C. System' FCCPA violation, Plaintiff suffered substantial damage, including payment of an illegitimate debt and deprivation of his statutory right to receive accurate information concerning the amount of debt owed.

**COUNT IV AS TO I.C. SYSTEM'S VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT §§ 501.203(3), 501.204(1)**

94. Plaintiff incorporates by reference paragraphs 37 through 62 as if set forth fully herein.

95. Plaintiff is a "consumer" as defined by § 501.203(7) when he sought and paid for medical care rendered by MD Now.

96. I.C. System engaged in "trade or commerce" as defined by § 501.203(8) when it attempted to collect a debt for medical care rendered to Plaintiff.

97. I.C. System violated the FCCPA when it attempted to collect a 20% collection charge not owed, *i.e.*, $37.79.

98. A violation of Fla. Stat. § 559.72(9) is a *per se* violation of FDUTPA under Fla. Stat. § 501.203(3).

99. Additionally, I.C. System also generally violated FDUTPA under Fla. Stat. § 501.204(1) when it engaged in unfair and deceptive practices in trade or commerce by taking advantage of Plaintiff by charging him for fees not owed and misleading him into believing that he owed the 20% collection gratuity fee.

100. Because of I.C. System's FDUTPA violation, Plaintiff suffered substantial damage, including payment of an illegitimate debt and deprivation of his statutory right to receive accurate information concerning the amount of debt owed.

## COUNT V AS TO MD NOW'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

101. Plaintiff incorporates by reference paragraphs 37 through 62 as if set forth fully herein.

102. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8) when he sought medical services for payment and received said medical services.

103. MD Now is a "person" as defined under the FCCPA because it attempted to collect an alleged debt for medical care rendered for household, family or personal purposes.

104. MD Now knowingly attempted to collect an illegitimate consumer debt as defined by Fla. Sta. § 559.55(6) because Plaintiff's obligation arose out of a transaction where money was exchanged for his personal medical care.

105. MD Now asserted a non-existent right to collect an illegitimate debt when it demanded the 20% collection gratuity fee.

106. MD Now knew the terms of its own contracts that it requires all consumers to sign prior to receiving medical treatment.

107. MD Now knew that its own contracts only allowed it to demand the costs of collection actually incurred.

108. MD Now knowingly attempted to collect an illegitimate consumer debt because it knew that MD Now had not incurred any collection costs when it referred Plaintiff's debt to I.C. System and added the illegal 20% collection gratuity fee to the Plaintiff's past due balance.

109. MD Now knowingly attempted to collect an illegitimate consumer debt because it regularly refers debts to and accepts debts collected by I.C. System, who charges consumers percentage-based collection gratuity fees that are untethered to the actual costs of collection.

110. MD Now is vicariously liable for the actions of I.C. System, which knowingly violated the FCCPA when it engaged in unfair and deceptive practices in trade or commerce by deceiving Plaintiff, charging him for fees not owed, collecting fees not owed, and misleading him into believing that he owed the 20% collection charge.

111. Because of MD Now's FCCPA violation, Plaintiff suffered substantial damage, including payment of an illegitimate debt and deprivation of his statutory right to receive accurate information concerning the amount of debt owed.

### COUNT VI AS TO MD NOW'S VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT §§ 501.203(3), 501.204(1)

112. Plaintiff incorporates by reference paragraphs 37 through 62 as if set forth fully herein.

113. MD Now engaged in "trade or commerce" as defined by § 501.203(8) when it attempted to collect a debt for medical care rendered to the Plaintiff.

114. MD Now violated the FCCPA when it directly and indirectly attempted to collect a 20% collection gratuity fee, *i.e.*, $37.79.

115. A violation of Fla. Stat. § 559.72(9) is a *per se* violation of FDUTPA under Fla. Stat. § 501.203(3).

116. Additionally, MD Now generally violated FDUTPA under Fla. Stat. § 501.204(1) when it engaged in unfair and deceptive practices in trade or commerce by deceiving Plaintiff, charging him for fees not owed, collecting fees not owed, and misleading him into believing that he owed the 20% collection charge.

117. MD Now acted in concert with I.C. System to engage in unfair and deceptive practices in trade or commerce by deceiving Plaintiff, charging him for fees not owed, collecting fees not owed, and misleading him into believing that he owed the 20% collection charge.

118. MD Now is vicariously liable for the actions of I.C. System, who violated FDUTPA when it engaged in unfair and deceptive practices in trade or commerce by deceiving Plaintiff, charging him for fees not owed, collecting fees not owed, and misleading him into believing that he owed the 20% collection charge.

119. Because of MD Now's FDUTPA violation, Plaintiff suffered substantial damage, including payment of an illegitimate debt and deprivation of his statutory right to receive accurate information concerning the amount of debt owed.

### COUNT VII AS TO MD NOW'S BREACH OF CONTRACT

120. Plaintiff incorporates by reference paragraphs 37 through 62 as if set forth fully herein.

121. MD Now entered into a Contract with Plaintiff whereby MD Now rendered medical treatment in exchange for certain payment, and in the event a collection action or lawsuit was filed, MD Now could demand attorney's fees, court costs, and collection costs actually incurred.

122. MD Now entered into a Physician's Lien with Plaintiff whereby MD Now rendered medical treatment in exchange for certain payment, and in the event a collection lawsuit was filed, MD Now could demand attorney's fees, court costs, and collection costs actually incurred.

123. Plaintiff's Contract and Physician's Lien only authorized payment of actually incurred collection costs associated with the commencement of a collection lawsuit or action.

124. MD Now breached the Contract with Plaintiff when it attempted to collect and did collect, through its agent I.C. System, a 20% collection gratuity fee that was an amount not actually incurred as a collection cost.

125. MD Now breached the Contract with Plaintiff when it attempted to collect and did collect, through its agent I.C. System, a 20% collection gratuity fee without having commenced any action or lawsuit against Plaintiff.

126. Because of MD Now's breach of contract, Plaintiff suffered substantial damage, including payment of an illegitimate debt.

## JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES

127. Plaintiff is entitled to and respectfully demands a trial by jury on all issues so triable.

128. Plaintiff reserves the right to amend his Complaint and add a claim for punitive damages.

## RELIEF REQUESTED

WHEREFORE. Plaintiff, himself and on behalf of the Class, respectfully requests this Court to enter judgment against Defendants for all of the following:

a. That Plaintiff and all class members be awarded actual damages, including but not limited to forgiveness of all amounts not owed;

b. That Plaintiff and all class members be awarded statutory damages for Counts I, II, III and V;

c. That Plaintiff and all class members be awarded costs and attorney's fees;

d. That the Court enter a judgment permanently enjoining Defendants from charging and/or collecting collection surcharges that violate the FCCPA and FDUTPA;

e. That the Court enter a judgment permanently enjoining I.C. System from charging and/or collecting collection surcharges that violate the FDCPA;

f. That, should the Court permit Defendants to continue charging and/or collecting collection surcharges, it enter a judgment requiring them to adopt measures to ensure FCCPA and FDUTPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that Defendants comply with those measures;

g. That, should the Court permit I.C. System to continue charging and/or collecting collection surcharges, it enter a judgment requiring I.C. System to adopt measures to ensure FDCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that I.C. System complies with those measures;

h. That the Court enter a judgment awarding any other injunctive relief necessary to ensure compliance with the FCCPA, FDUTPA, and the FDCPA;

i. That the Court enter an order that Defendants and their agents, or anyone acting on their behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

j. That the Court certify the claims of Plaintiff and all other persons similarly situated as class action claims under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure; and

k. Such other and further relief as the Court may deem just and proper.

October 21, 2016                                    Respectfully Submitted,

/s/ *James L. Kauffman*
James L. Kauffman (Fla. Bar. No. 12915)
1054 31st Street NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 342-2103
Email: jkauffman@baileyglasser.com

Darren R. Newhart, Esq.
Florida Bar No.: 0115546

        E-mail: darren@cloorg.com
        J. Dennis Card Jr., Esq
        Florida Bar No.: 0487473
        E-mail:DCard@Consumerlaworg.com
        Consumer Law Organization, P.A.
        721 US Highway 1, Suite 201
        North Palm Beach, Florida 33408
        Telephone: (561) 692-6013
        Facsimile: (305) 574-0132

        *Attorneys for Plaintiff*